UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN CANTU and JOHN DOWNES, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:15-cv-09240 ) ) Judge Samuel Der-Yeghiayan |
| THE BRINK'S COMPANY,[1] | ) ) ) |
| Defendant. | ) |

## MOTION TO STRIKE CLASS ALLEGATIONS, TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant Brink's Incorporated ("Brink's" or "Defendant") moves to strike the class allegations from Plaintiffs' Complaint pursuant to Rule 12(f), to dismiss the Complaint pursuant to 12(b)(6) or, in the alternative, to grant summary judgment for Brink's pursuant to Rule 56 of the Federal Rules of Civil Procedure, as follows:

1. Plaintiffs John Cantu and John Downes, former armored truck drivers and messengers for Brink's, have filed this action asserting overtime violations under the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL").

2. The entire basis for Plaintiffs' overtime claim is the Complaint's assertion that Brink's is not a "motor carrier" and that the Motor Carrier Act exemption does not apply. However, the Complaint does not contain even a formulaic recitation of the elements of the Motor Carrier Act exemption – much less any facts to show the exemption does not apply. These unsupported legal conclusions are insufficient under *Bell Atlantic v. Twombly* and

---

[1] The Complaint incorrectly names Defendant as "The Brink's Company," when Brink's Incorporated is the entity that employs (or employed) the named Plaintiffs. At Brink's request, Plaintiffs have agreed to move to correct the proper entity name from "The Brink's Company" to "Brink's Incorporated."

*Ashcroft v. Iqbal*. The "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

3. Seventh Circuit case law is well settled that armored truck drivers and messengers are exempt from overtime under the Motor Carrier Act. Despite this, Plaintiffs attempt to bring their claims as a putative nationwide collective action under the FLSA and a putative state-wide class action under the IMWL.

4. *Iqbal* is plain that "Rule 8 … does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678. Thus, a complaint seeking collective and class action relief that will involve costly discovery requires greater factual detail to survive dismissal – especially one, as here, with an established body of law in the armored vehicle industry.

5. This is a fundamental defect that requires the Court to strike Plaintiffs' class action allegations under Rule 12(f), to preclude the pursuit of this matter as an FLSA collective action or a Rule 23 class action and to dismiss Plaintiffs' claims under *Twombly* and *Iqbal* pursuant to Rule 12(b)(6). In the alternative, this Court should grant summary judgment for Brink's pursuant to Rule 56.

6. The Motor Carrier Act exemption applies to employees of "motor carriers" and "motor private carriers" who, in the performance of their duties as drivers or driver's helpers affect the safe operation of motor vehicles in transportation on public highways in interstate commerce and who operate a commercial motor vehicle with a gross vehicle weight rating ("GVWR") or gross vehicle weight of at least 10,001 pounds, whichever is greater. 29 U.S.C. § 213(b)(1).

7. The Complaint cannot stand on a legal conclusion that Brink's is not a "motor carrier" when it pleads no facts supporting that conclusion, and the USDOT publically lists Brink's as an authorized "motor carrier." *See Palay v. United States,* 349 F.3d 418, 425 n.5 (7th Cir. 2003) (in resolving a FRCP 12(b)(6) motion to dismiss, court may take judicial notice of matters of public record).

8. Courts have held that transporting coin, currency, checks and other negotiable instruments involves the transportation of property in interstate or foreign commerce under the Motor Carrier Act exemption. *See Hernandez v. Brink's, Inc.*, 2009 WL 113406, *3 (S.D. Fla. 2009) (Brink's is a "motor carrier that transports property in interstate commerce" because "Brink's transports checks destined for banks outside of Florida and transports property destined for interstate and foreign locations"); *Jaramillo v. Garda, Inc.*, 2012 WL 4955932, *3 (N.D. Ill. 2012) (armored drivers and messengers engaged in interstate commerce by transporting coin, currency, checks and other property); *Baez v. Wells Fargo Armored Service. Corp.*, 938 F.2d 180, 182 (11th Cir. 1991) (drivers, messengers and guards of armored trucks transporting coin, currency, checks and other negotiable instruments engaged in interstate commerce because the "transported checks and other instruments were bound for banks outside the state of Florida").

9. Director of Operations Ryan McVoy attests that Brink's is an FMCSA-certified contract carrier in the business of providing secured transportation services intrastate, interstate and internationally. Brink's drivers and messengers, including Plaintiffs, transport coin, currency, checks, other negotiable instruments and valuables within Illinois that are ultimately bound out-of-state. (McVoy Decl. ¶¶ 3, 6, 12-19).[2]

---

[2] Attached to Defendant's Local Rule 56.1 Statement is the Declaration of Ryan McVoy, which is cited as ("McVoy Decl. ¶__").

10. The Complaint pleads that Plaintiffs were "armored truck driver/messenger[s]" in Brink's Chicago Branch. (Complaint ¶2). Courts have further held that Drivers and Messengers like Plaintiffs fall within the definition of "drivers" or "driver's helpers" under the Act because they engage in activities that directly affect the operational safety of armored trucks. *See Hernandez v. Brink's, Inc.*, 2009 WL 113406, *4 (S.D. Fla. 2009) ("Plaintiffs who worked as Drivers fall within the regulation's definition of drivers who affect the safety of operation and are therefore covered by the FLSA's motor carrier exemption"; "Messengers … are also covered by the … exemption as driver's helpers"); *Baez v. Wells Fargo Armored Service Corp.*, 938 F.2d 180, 182 (11th Cir. 1991) ("driver guards, messenger guards and guards" for armored truck company were driver's helpers that "performed services which affect the safety of the vehicle," citing to 29 CFR §782.4); *Jaramillo v. Garda, Inc.*, 2012 WL 4955932, *3 (N.D. Ill. 2012) (armored drivers and messengers "engage in activities which directly affect the operational safety of vehicles").

11. The Motor Carrier Act exemption plainly applies when every armored vehicle that Plaintiffs drove or guarded weighed in excess of 10,001 pounds. *See also Jaramillo v. Garda, Inc.*, 2012 WL 4955932, *5 (N.D. Ill. 2012) (Motor Carrier Act exemption applied when the employee drove armored trucks weighing at least 10,001 pounds and "could be expected to drive a large vehicle on any given day of his employment").

12. Because multiple cases have applied the Motor Carrier Act exemption to armored car drivers and messengers, the Complaint cannot stand on a conclusory denial of the exemption to Plaintiffs. Accordingly, Defendant Brink's Incorporated respectfully requests that the Court strike the class allegations and dismiss this lawsuit, in its entirety and with prejudice, and grant Defendant all other just and proper relief.

4

13. In the alternative, should the Court convert this motion to a motion for summary judgment, the Local Rule 56.1 Statement and Declaration of Ryan McVoy filed in support shows that there is no issue of material fact as to application of the federal or Illinois Motor Carrier Act exemption to Plaintiffs. Accordingly, summary judgment should be granted for Brink's and against Plaintiffs.

WHEREFORE, Brink's respectfully requests that its motion to strike the class allegations, to dismiss the Complaint or, in the alternative, for summary judgment be granted.

Respectfully submitted,

BRINK'S INCORPORATED

By: /s/ Anne E. Larson
One of Its Attorneys

Anne E. Larson
Norma Manjarrez
OGLETREE, DEAKINS, NASH, SMOAK &
  STEWART, P.C.
155 N. Wacker Drive
Suite 4300
Chicago, IL  60606
312.558.1220

Dated:  January 11, 2016

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on January 11, 2016, the foregoing **Motion to Strike Class Allegations, to Dismiss the Complaint or, in the Alternative, for Summary Judgment** was filed electronically with the Clerk of Court using the ECF system, which sent notification of such filing to the following:

| | |
|---|---|
| Terrence Buehler | Peter Lubin |
| Touhy, Touhy, & Buehler, LLP | Vincent DiTommaso |
| 55 West Wacker Drive, Suite 1400 | DiTommaso-Lubin, P.C. |
| Chicago, Illinois 60601 | The Oak Brook Terrace Atrium |
| | 17W2200 22d Street, Suite 200 |
| | Oak Brook Terrace, Illinois 60181 |

/s/ Anne E. Larson

23483961.1